**UNITED STATES BANKRUPTCY COURT**
MIDDLE **DISTRICT OF** FLORIDA
TAMPA **DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| JAMES A. VICTORY | § | Case No. 8:14-06667-CPM |
| | § | |
| Debtor(s) | § | |

**TRUSTEE'S FINAL REPORT (TFR)**

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 06/09/2014 . The undersigned trustee was appointed on 06/10/2014 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---|---:|
| 4. The trustee realized gross receipts of | $ | 3,700.00 |
| Funds were disbursed in the following amounts: | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative expenses | | 2,150.00 |
| Bank service fees | | 0.00 |
| Other payments to creditors | | 0.00 |
| Non-estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the debtor | | 0.00 |
| Other payments to the debtor | | 0.00 |
| Leaving a balance on hand of[1] | $ | 1,550.00 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was 12/08/2014 and the deadline for filing governmental claims was . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 387.50 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 387.50 , for a total compensation of $ 387.50 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 95.76 , for total expenses of $ 95.76 [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 08/12/2015         By: /s/LARRY S. HYMAN, TRUSTEE
                                   Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

FORM 1
## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
### ASSET CASES

Exhibit A

| | | |
|---|---|---|
| Case No: 14-06667   CPM | Judge: Catherine Peek McEwen | Trustee Name: LARRY S. HYMAN, TRUSTEE |
| Case Name: JAMES A. VICTORY | | Date Filed (f) or Converted (c): 06/09/2014 (f) |
| | | 341(a) Meeting Date: 07/15/2014 |
| For Period Ending: 08/12/2015 | | Claims Bar Date: 12/08/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 6412 S. Richard Ave Tampa Fl 33616 | 86,081.00 | 0.00 | OA | 0.00 | FA |
| 2. Bb&T Acct # 8610 | 150.00 | 150.00 | OA | 0.00 | FA |
| 3. Sofa, Love Seat, Dinnette Table & Chairs, Bed, Night Table, | 600.00 | 600.00 | OA | 0.00 | FA |
| 4. Books, Pictures | 10.00 | 10.00 | OA | 0.00 | FA |
| 5. Wearing Apparel | 25.00 | 25.00 | OA | 0.00 | FA |
| 6. 2014 Chrysler 200 | 27,500.00 | 27,500.00 | OA | 0.00 | FA |
| 7. FDCA (u) Notice of Pretrial/ Status Conference. (related document(s)4, 1). Pre-Trial Conference set for 6/8/2015 at 09:30 AM at Tampa, FL - Courtroom 8B, Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue. (Laura G.) (Entered: 04/14/2015) To recap, this file settled for a total of $3700.00, of which $1550.00 goes to the estate and $2150.00 to cover our fees and costs which have been discounted from $3088.00. | 0.00 | 1,550.00 | | 3,700.00 | FA |

Gross Value of Remaining Assets

| | | | | |
|---|---|---|---|---|
| TOTALS (Excluding Unknown Values) | $114,366.00 | $29,835.00 | | $3,700.00 | $0.00 |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 11/30/2015    Current Projected Date of Final Report (TFR): 11/30/2015

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

FORM 2
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 14-06667 | Trustee Name: | LARRY S. HYMAN, TRUSTEE |
| --- | --- | --- | --- |
| Case Name: | JAMES A. VICTORY | Bank Name: | Bank of Kansas City |
| | | Account Number/CD#: | XXXXXX6053 |
| | | | Checking |
| Taxpayer ID No: | XX-XXX6022 | Blanket Bond (per case limit): | $3,802,000.00 |
| For Period Ending: | 08/12/2015 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 08/10/15 | | Lash & Wilcox | FDCA RECOVERY | | $1,550.00 | | $1,550.00 |
| | | | Gross Receipts     $3,700.00 | | | | |
| | | LASH WILCOX & GRACE PL<br>4950 West Kennedy Blvd., Suite 320<br>Tampa, FL 33609 | ATTORNEY'S FEE    ($2,150.00) | 3210-002 | | | |
| | 7 | | FDCA    $3,700.00 | 1249-000 | | | |

|   |   |   |
| --- | --- | --- |
| COLUMN TOTALS | $1,550.00 | $0.00 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $1,550.00 | $0.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $1,550.00 | $0.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*                    Page Subtotals:              $1,550.00          $0.00

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX6053 - Checking | $1,550.00 | $0.00 | $1,550.00 |
| | $1,550.00 | $0.00 | $1,550.00 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| **Total Allocation Receipts:** | $2,150.00 |
| **Total Net Deposits:** | $1,550.00 |
| **Total Gross Receipts:** | $3,700.00 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 8:14-06667-CPM  
Debtor Name: JAMES A. VICTORY  
Claims Bar Date: 12/8/2014  

Date: August 12, 2015

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | LARRY S. HYMAN<br>P.O. BOX 18625<br>TAMPA, FL  33679 | Administrative | | $0.00 | $387.50 | $387.50 |
| 100 2200 | LARRY S. HYMAN<br>P.O. BOX 18625<br>TAMPA, FL  33679 | Administrative | | $0.00 | $95.76 | $95.76 |
| 100 2700 | CLERK OF COURT<br>801 North Florida Avenue<br>Suite 555<br>Tampa, FL  33602 | Administrative | | $0.00 | $293.00 | $293.00 |
| 100 3210 | LASH WILCOX & GRACE PL-<br>4950 West Kennedy Blvd., Suite 320<br>Tampa, FL 33609 | Administrative | | $0.00 | $2,150.00 | $2,150.00 |
| 1 300 7100 | Army & Air Force Exchange Services<br>C/O Bass & Associates, P.C.<br>3936 E. Ft. Lowell Rd, Suite #200<br>Tucson, Az 85712 | Unsecured | | $4,861.00 | $3,981.21 | $3,981.21 |
| 2 300 7100 | NAVY FEDERAL CREDIT UNION<br>PO BOX 3000<br>MERRIFIELD, VA.  22119 | Unsecured | | $8,346.00 | $8,346.20 | $8,346.20 |
| 3 300 7100 | NAVY FEDERAL CREDIT UNION<br>PO BOX 3000<br>MERRIFIELD, VA.  22119 | Unsecured | | $3,127.00 | $3,361.32 | $3,361.32 |
| | Case Totals | | | $16,334.00 | $18,614.99 | $18,614.99 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 8:14-06667-CPM
Case Name: JAMES A. VICTORY
Trustee Name: LARRY S. HYMAN, TRUSTEE

    Balance on hand      $      1,550.00

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: LARRY S. HYMAN | $ 387.50 | $ 0.00 | $ 387.50 |
| Trustee Expenses: LARRY S. HYMAN | $ 95.76 | $ 0.00 | $ 95.76 |
| Attorney for Trustee Fees: LASH WILCOX & GRACE PL- | $ 2,150.00 | $ 2,150.00 | $ 0.00 |
| Charges: CLERK OF COURT | $ 293.00 | $ 0.00 | $ 293.00 |

    Total to be paid for chapter 7 administrative expenses      $      776.26
    Remaining Balance      $      773.74

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

    Allowed priority claims are:

NONE

    The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

    Timely claims of general (unsecured) creditors totaling $ 15,688.73 have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 4.9 percent, plus interest (if applicable).

    Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Army & Air Force Exchange Services | $ 3,981.21 | $ 0.00 | $ 196.35 |
| 2 | NAVY FEDERAL CREDIT UNION | $ 8,346.20 | $ 0.00 | $ 411.62 |
| 3 | NAVY FEDERAL CREDIT UNION | $ 3,361.32 | $ 0.00 | $ 165.77 |

    Total to be paid to timely general unsecured creditors      $ 773.74

    Remaining Balance      $ 0.00

    Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

    Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE